UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edwina Bailey, | Case No.: 2:20-cv-00328-JAD-VCF |
| Plaintiff | |
| v. | **Order Sustaining Objection to Magistrate Judge's Recommendation re: Medical Records** |
| Smith's Food & Drug Centers, Inc., et al., | [ECF Nos. 37, 47, 52] |
| Defendants | |

Plaintiff Edwina Bailey brings this negligence action for a fall at a local Smith's Food & Drug store in 2018.  Earlier this year, Smith's moved for case-terminating sanctions against Bailey for failing to disclose cellphone photographs taken of the location of the fall shortly after the accident.[1]  In that motion, the grocer briefly mentioned that this discovery violation was not plaintiff's counsel's first, as he had also failed to disclose plaintiff's prior medical-care providers.[2]  When that motion was heard by the magistrate judge, Smith's counsel went into great factual detail about that medical-discovery violation.  The magistrate judge concluded that case-ending sanctions are not warranted, but he recommends that I order that the jury can be told of plaintiff's counsel's sandbagging—on both the photos of the scene and the medical-provider evidence.[3]  Bailey objects to the recommendation as to the medical evidence, arguing that it was

---

[1] ECF No. 37 (sanctions motion).

[2] *Id*. at 11.

[3] That ruling was made on the record during a March 2, 2021, hearing, and is not memorialized in a written order.  *See* ECF No. 47 (minutes of 3/2/21 hearing).  The hearing was audio-recorded, not transcribed.  I have carefully listened to the audio recording in evaluating plaintiff's objection.

not an issue raised by the briefing on the sanctions motion and that the recommendation is not warranted.[4]

Because Bailey does not object to the recommendation that the jury can hear that her cellphone photos of the scene were not disclosed until two days before the close of discovery, I adopt that recommendation. The issue was the subject of extensive briefing and oral argument, and the magistrate judge's recommendation is a fair method of addressing this discovery violation.

But I sustain Bailey's objection to the same recommendation regarding her medical information. The medical-provider discovery was not a target of the sanctions motion; that alleged violation was merely mentioned in two sentences on page 11.[5] Although defense counsel went into great detail about plaintiff's withholding of medical-provider names during the oral argument on the sanctions motion, it does not appear that the plaintiff had fair notice of the issue sufficient to properly respond and provide the magistrate judge with a clear and full record for decision. So I find that the recommendation about the medical-provider discovery was premature, and I reject it. If Smith's desires an evidentiary ruling about this information for trial, it should seek that relief by motion in limine.

IT IS THEREFORE ORDERED that **the Magistrate Judge's Recommendations [ECF No. 47]** made during the hearing on Defendant's Motion to Strike [ECF No. 37] **are ADOPTED in part and REJECTED in part. The recommendation that the jury may hear that the plaintiff waited until the last minute to disclose her cellphone photographs of the scene of the fall is ADOPTED, but the same recommendation regarding medical-provider discovery**

---

[4] ECF No. 52.  Smith's responded at ECF No. 53.
[5] ECF No. 37 at 11.

is REJECTED without prejudice to Smith's ability to seek relief by motion in limine. The plaintiff's objection to the medical-provider discovery recommendation **[ECF No. 52] is thus SUSTAINED.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 10, 2021